UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

TIERA LANAY BUTLER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CAUSE NO. 2:26-cv-36

**OPINION AND ORDER**

*Pro se* plaintiff, Tiera LaNay Butler, filed a complaint suing the United States of America for various tort claims relating to her training, employment at, and departure from the United States Postal Service ("USPS"). This case is before me on a motion to dismiss filed by the United States. For the reasons stated below, the motion to dismiss [DE 11] is GRANTED.

**Background**

Butler provides vague factual allegations in her complaint, but I will attempt to parse them out here. For approximately seventeen years, Butler worked for the USPS. [DE 1, 2.] In January of 2023, Butler alleges she processed a post office box closure for a long-time acquaintance who was in a nursing facility. *Id.* She states that an unidentified third party completed a related refund form for this acquaintance but left the post office before the refund amount could be determined. This third party told Plaintiff that she could keep the refund for herself. *Id.*

The following month, she states that she was interviewed by agents of the Office of Inspector General, who pressured her into preparing a written statement about the retention of the funds from the supposed acquaintance. She does not specify what the statement said. *Id.* She alleges also that she told the agents about management failures and missing records at the post office, but that they failed to investigate those concerns. *Id.* She was placed on unpaid suspension, during which she alleges that she was advised to resign and did so soon after. *Id.* at 2. Butler claims this has caused her loss of income, emotional injury, reputational harm, and pain and suffering. *Id.* at 4. She stated that she presented an administrative tort claim to USPS, and that her claim was denied. *Id.* at 1. She brought this case within six months of that final denial.

Butler's four-count complaint claims the following: (1) that the investigation into her behavior was negligent; (2) that Defendant failed to adequately train, supervise, or monitor operations at the facility leading to her harm from the investigation; (3) that Defendant negligently inflicted emotional harm on her; and (4) false imprisonment because the investigation led to her subsequent arrest. *Id.* at 3-4. All of her claims are brought under the Federal Tort Claims Act ("FTCA"). In a brief screening order, I dismissed the false imprisonment count for being facially barred by the FTCA and allowed the other claims to proceed to the pleading stage for further consideration with the benefit of briefing. [DE 3.]

**Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440,

443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). When considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's*, 502 F.3d at 625 (quoting *Long*, 182 F.3d at 554).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires the plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Butler is proceeding *pro se*, her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

**Discussion**

There are a number of issues with these claims. The first is the Federal Employees Compensation Act ("FECA"). Under the FECA, "a federal employee is compensated for personal injuries sustained while performing his duties without proof of negligence by the government." *Fuqua v. United States Postal Serv.*, 956 F.3d 961, 964 (7th Cir. 2020). The benefits intended for federal employees under the FECA are "intended to be the exclusive remedy of the injured employee." *Id.* The question as to whether FECA coverage applies centers on "whether the injury, not the conduct, is within the scope of that Act [FECA]." *Id.* at 965. Here, Butler's claims involve alleged emotional injuries, which have specifically been found to generally fall under the coverage of the FECA when brought by a current or former federal employee; the FTCA is inapplicable. *Id.* ("[F]ederal courts have not recognized Federal Tort Claims Act jurisdiction over emotional distress claims when the Federal Employees' Compensation Act provides coverage.").

At the least, there is a substantial question as to whether the FECA applies to these claims. In such cases, the district court is to defer to the Secretary of Labor, "who has exclusive authority to administer FECA claims and to decide questions arising under that Act, including whether a claim is covered." *Id.* at 963-64 (further explaining that it is unclear if the FECA applies to a particular injury, "federal courts defer to the Secretary of Labor.").

In this case, Butler alleged that she presented an "administrative tort claim to the United States Postal Service" and that they issued her a final denial of her claim *under*

*the FTCA*, which she attached to her complaint. However, there are no allegations that this complaint has been submitted or reviewed by the Secretary of Labor under the FECA. Thus, at this point, I find that I lack jurisdiction over these claims since there is no allegation nor an attached document showing that this claim has been submitted to the Secretary of Labor and that the Secretary has decided whether coverage exists.

These claims also involve the Postal Reorganization Act ("PRA") and the Civil Service Reform Act ("CSRA"). The PRA sets out a "comprehensive system of employment rights which precludes other employment-related claims." *Id.* at 966. The PRA provides specifically that the CSRA applies to postal service employees. *Id.* So, postal workers making claims related to "adverse employment actions" or "prohibited personnel practices" must proceed through the processes laid out in the CSRA and cannot bring such claims to this court. *Id.*; *see also Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006) ("By creating the CSRA, Congress implicitly repealed the jurisdiction of federal courts over personnel actions arising out of federal employment.); *American Postal Workers Union, AFL-CIO v. USPS*, 940 F.2d 704, 708 (D.C. Cir. 1991) (stating that a "residual statute like the FTCA [ ] cannot co-exist with a comprehensive employment relations scheme" and refusing "to permit the appellants to use the FTCA as a means of circumventing" the PRA). The CSRA provides "a fixed route for appeals of adverse employment decisions for most categories of employees: first to the Merit Systems Protection Board (MSPB), then to the Federal Circuit." *Jones-Louis v. Donahoe*, 2014 WL 4410374, at *5 (S.D. Ind. Sept. 3, 2014).

To the extent Butler's remaining claims are not covered by the FECA, they would be covered by the CSRA. Butler seeks damages related to her loss of income, and claims that, although she resigned, she did so after being pressured into providing a written statement regarding the incident that led to her being placed on unpaid suspension. Essentially, she has "placed the blame on the postal defendants for the loss of [her] job," the unpaid suspension that preceded it, and her related loss of income. *Snider v. Pekney*, 2010 WL 724506, at *6 (N.D. Ind. Feb. 25, 2010).

This was also communicated to Butler by USPS, as shown in their final denial letter to Butler concerning her FTCA administrative claim, which she attached to her complaint. In that letter, USPS stated that "your remedies for allegations concerning alleged wrongful employment actions by the Postal Service are otherwise addressed and the comprehensive labor relations scheme of the Postal Reorganization Act preempts any tort-based claim arguably cognizable under the FTCA. For that reason, we are hereby denying your claim." [DE 1-1, 3.] These claims are related to adverse employment actions and allegedly prohibited personnel practices and thus arise under the PRA and its incorporation of the CSRA. So, I appear to lack jurisdiction over this claim under those statutes as well as the FECA. *Jones-Louis*, 2014 WL 4410374, at *7 ("United States Postal Service employees are covered by the CSRA, and are eligible for the system of appeals it provides… We thus lack jurisdiction to review Plaintiff's claim that she was improperly subjected to adverse employment action by the USPS.").

Lastly, I note that the Defendant has interpreted some of Butler's allegations as an attempt to state a malicious prosecution claim and spends the majority of its brief

rebutting a malicious prosecution claim. Butler seems to reject this formulation of her claims in her response brief [DE 14], and I do not read her complaint as an attempt to state a malicious prosecution claim either. To the extent her claims could be interpreted as a malicious prosecution claim, I note that such a claim would run into a host of issues. The biggest problem is that Butler has failed to allege that the action against her was terminated in her favor, which is a necessary element of a malicious prosecution claim under Indiana law. *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). Moreover, I take judicial notice of the fact that, after the briefing for this motion to dismiss concluded, Butler pled guilty to Class A Misdemeanor Theft in connection with the incident from which this case arises. *Indiana v. Butler*, 64D02-2306-F6-005582, Change of Plea and Sentencing Order (Ind. Super. Ct. Porter County, Aug. 18, 2026); *see also General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997) (permitting courts to take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment).

Because Butler's complaint is so vague and because she is proceeding *pro se*, I cannot exclude the possibility that she was attempting to raise other claims. Generally, the Seventh Circuit encourages caution in the dismissal of *pro se* complaints without an attempt to amend, and this general principle has been applied to claims like this one. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016); *see also Jones-Louis*, 2014 WL 4410374, at *7 (dismissing without prejudice claims brought by USPS worker due to lack of jurisdiction under the FECA and CSRA and allowing an opportunity to amend). Plaintiff is urged to seek the assistance of counsel in formulating an acceptable

amended complaint should she choose to pursue further action. Plaintiff may file an amended complaint within thirty days of the issuance of this order. If she does not, I will enter final judgment in favor of Defendant. Defendant's motion to dismiss is **GRANTED**.

**SO ORDERED.**

ENTERED: November 9, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT